SUTTON, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that the Bible Believers engaged in protected speech in a traditional public forum. I agree with the majority that the defendants curtailed the Bible Believers’ speech on the basis of its content. And I agree with the majority that the defendants had other options short of removing the Bible Believers from the festival to deal with the public-safety problems generated by their speech. For these reasons, I must conclude that strict scrutiny governs the defendants’ actions and that they have not satisfied it. See Reed v. Town of Gilbert, — U.S. -, 135 S.Ct. 2218, 2231, 192 L.Ed.2d 236 (2015). In each of these respects, I therefore join Part I of the analysis in Judge Clay’s opinion. I part ways with this component of the majority opinion to the extent it draws the conclusion that a “heckler’s veto” supplies a freestanding doctrinal basis for concluding that the defendants violated the Bible Believers’ First Amendment rights.
That leaves (mainly) the question of qualified immunity. I agree with Judge Gibbons that the obligations of the defendants in this unusual setting were not clearly established at the time of the festival and accordingly join Parts II and III of her dissenting opinion. As Judge Gibbons’s opinion shows — and as the stark differences among the many opinions in this case confirm — the First Amendment requirements in this area did not provide the kind of clarity we,normally demand before imposing after-the-fact, money-damages liability on individual officers. Pity the police officer then — and perhaps even now — tasked with identifying the lines of permissible and impermissible peace-officer conduct in this non-peaceful area.